UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY FEENEY,<br><br>         Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA BARBARA, *et al.*,<br><br>         Defendants. | Case No. 2:24-cv-05639-FLA (SKx)<br><br>**ORDER TO SHOW CAUSE WHY THE WELLPATH DEFENDANTS SHOULD NOT BE DISMISSED FROM PLAINTIFF'S FIRST AMENDED COMPLAINT** |

**ORDER TO SHOW CAUSE**

Plaintiff Whitney Feeney ("Plaintiff"), individually and as successor-in-interest to Decedent Scott Powers, brings this wrongful death action against Defendants County of Santa Barbara and Sheriff's Deputies M. Rodriguez, Fielding, and Ramirez (collectively, "County Defendants"), Defendants Wellpath L.L.C. ("Wellpath LLC") Sarah Newell, Deborah Wells, Debra Massetti, and Lauren Alexander (collectively, "Wellpath Defendants"), and Doe Defendants.[1]  *See* Dkt. 30 ("FAC").

On November 15, 2024, Wellpath LLC filed a Suggestion of Bankruptcy and Notice of Stay, stating Wellpath Holdings, Inc. and its affiliated companies, including Wellpath LLC, had filed a Voluntary Petition for Non-Individuals Filing Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), Case Nos. 24-90533, 24-90563 (ARP), requesting relief under Chapter 11 of Title 11 of the United States Code.[2]  Dkt. 65.

On May 1, 2025, the Bankruptcy Court issued an Order titled: "Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis" (the "Confirmation Order"),[3] confirming the Debtors' Plan (the "Plan") and approving the Debtors' Disclosure Statement.[4]  Bankruptcy Court, Case No. 24-90533, Dkt. 2596.

---

[1] Plaintiff identifies Doe Defendants 7 through 10 as employees and staff of Wellpath LLC at the Santa Barbara County Jail.  FAC ¶ 25.

[2] A complete list of the Debtors that are part of this Chapter 11 Bankruptcy proceeding may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath.

[3] Capitalized terms used but not otherwise defined in this order can be found in the Confirmation Order.

[4] The operative Plan is the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates (with Technical Modifications).  Bankruptcy Court, Case No. 24-90533, Dkt. 2552-1.

The Plan became effective and was substantially consummated on May 9, 2025, as set forth in the Bankruptcy Court's Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Administrative Claims Bar Date. *Id.*, Dkt. 2680.

On June 4, 2025, the Bankruptcy Court issued the General Form of Order Regarding Lift Stay Motions ("the Order"). *Id.*, Dkt. 2907 ("Order"); *see also* Dkt. 71-2. Pursuant to paragraph 3 of the Order, "all Claims and Causes of Action of any nature whatsoever against the Debtors," including Wellpath LLC—that arose before the Petition Date (November 11, 2024)—are discharged. Order ¶ 3. Nevertheless, each Holder of personal injury tort and wrongful death Claims against the Debtors can pursue their claims subject to the Trust Distribution Procedures of the Plan. *Id.* ¶ 4. These procedures include a non-binding alternative dispute resolution process as well as an option to seek relief in civil court, pursuant to 28 U.S.C. § 157(b)(5), with the Liquidating Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or to establish or liquidate the amount of the claim for distribution under the Plan from the Liquidating Trust. *Id.*

Pursuant to Article IX of the Plan, each Holder of a Claim or Interest that did not affirmatively elect to opt out of the Plan's Third-Party Release may not bring Claims that arose prior to the Petition Date against the non-Debtor Released Parties (including, the Debtors' past and present directors, officers, and employees (to the extent they were acting within the scope of their employment)).[5] *Id.* ¶ 6. For the avoidance of doubt, the Bankruptcy Court noted that the deadline to opt out of the Third-Party Release had already passed for all claimholders, other than incarcerated

---

[5] Pursuant to paragraph 43 of the Confirmation Order, the Order granted "each Holder of a Claim that is or was an incarcerated individual … until 11:59 p.m. (prevailing Central Time) on July 30, 2025 … to opt out from the Third-Party Release set forth in Article IX.D of the Plan." Order ¶ 6 (cleaned up).

3

individuals. *Id.* As stated, Plaintiff asserts claims against individual employees and staff members of Wellpath LLC in the First Amended Complaint here. *See generally* FAC.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE ("OSC"), in writing, within fourteen (14) days from the date of this Order, why the court should not dismiss the Wellpath Defendants from this action, and order Plaintiff to file a Second Amended Complaint that includes only her claims against the County Defendants and, potentially, California Forensic Medical Group, Inc. ("CFMG"). Dkt. 72.[6] Plaintiff's response should address why Plaintiff's claims—to the extent they are asserted against individual employees and staff members of Wellpath LLC—are not barred by the Plan's Third-Party Release requirement, and why the court should grant leave to add CFMG as a defendant at this time. *See* Fed. R. Civ. P. 15. Defendants may file a response within seven (7) days of the filing of Plaintiff's response to the OSC. Plaintiff's failure to respond to the OSC timely or submit adequate proof shall result in the dismissal of Plaintiff's claims against the Wellpath Defendants and may result in the denial of the parties' Stipulation without further notice from the court.

IT IS SO ORDERED.

Dated: July 28, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[6] The parties filed a stipulation seeking leave to file a First Amended Complaint adding CFMG as a defendant ("Stipulation"). Dkt. 72. Plaintiff filed a First Amended Complaint on August 7, 2024, Dkt. 30, which Defendants have since moved to dismiss, Dkts. 38, 46.